1
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY S. WHALLEY and
RUTH K. WHALLEY,

    Plaintiffs,                                              Case No.: 2:08-cv-11935

v.                                                                     Hon. Bernard A. Friedman

MATCO TOOLS CORPORATION,
    Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION TO STRIKE SUPPLEMENTAL WITNESS LIST**

**I. Introduction**

    Plaintiffs, Gregory S. Whalley and Ruth K. Whalley, (collectively referred to as "Plaintiff"), have brought a product liability claim against Defendant, NMTC, Inc., d/b/a/ MATCO Tools ("MATCO").  Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56, claiming that there is no genuine issue as to any material fact, except the amount of damages.  Plaintiff responded to Defendant's motion for summary judgment and filed a supporting affidavit in conjunction with a supplemental witness list.  Also before the Court is Defendant's motion to strike Plaintiff's supplemental witness list.  Magistrate Judge Morgan held a hearing on the motion to strike and issued a report and recommendation that if Defendant's motion for summary judgment is denied, then the motion to strike should also be denied.

**II. Facts**

Plaintiff purchased a six-ton jack stand for his sixteen year-old son on September 26, 2002. (Compl. 5, May 7, 2009). The jack stand remained at Plaintiff's house at all times between the date of purchase and the date of the incident, May 18, 2005. (Pl.'s Dep. 17:5-9). The jack stand was never used for heavy lifting before this incident.

On May 18, 2005, Plaintiff intended to remove the rack and pinion assembly of his Lincoln Continental in order to repair it. (Pl.'s Dep. 16:18-24:7). Plaintiff lifted the car with a hydraulic hoist, put the jacks under both of the control arms on the front suspension, and then lowered the car onto the jacks. (Pl.'s Dep. 31:23-32:15). Plaintiff shook the car to make sure the safety lock on the hoist was engaged and then he went under the car, on a creeper, to begin the repair.

Plaintiff alleges that while he was working under the car, the jack stand hit him in the face and knocked him unconscious. (Pl.'s Dep., 44:11-14). He alleges that while he was working under the car the hollow roll pin broke, which caused the Lincoln Continental to fall on top of him. (Compl. 7). When Plaintiff awoke he was covered in blood. (Pl.'s Dep., 44:16-19).

Defendant's expert witness, Mr. Jeff Mitcheltree, claims that the safety pin did not break, rather moved slightly out of position. (Mitcheltree Aff. 6, April 17, 2009). Mr. Mitcheltree claims that the pin is not intended to bear any weight, therefore, once the locking pawl is properly engaged, the roll pin could be broken, sheared or removed entirely, and the saddle holding the vehicle would not have dropped. *Id*.

In Plaintiff's response to Defendant's motion for summary judgment, Plaintiff identifies an expert witness, Mr. Steven J. Ziemba. (Pl.'s Resp. to Def.'s Mot. for Summ. J. 13, May, 14, 2009). Mr. Ziemba is a safety consultant employed by Comprehensive Risk Analysis, Inc.

(Ziemba Aff. 1, May 22, 2009). Plaintiff states that he retained Mr. Ziemba to "identify and analyze whether the subject product posed any safety hazards and dangers that contributed to Mr. Whalley's injuries and damages." (Pl.'s Resp. to Def.'s Mot. for Summ. J. 13). Mr. Ziemba's affidavit briefly analyzes the possible defect in Defendant's product, but does not address "a practical and technically feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product…" MCL § 600.2946; MSA 27A.2946 (West 2000) ("Product Liability Act"), discussed below.

### III. Standard of Review

A court may grant a motion for summary judgment pursuant to Fed. R. Civ. P. 56 if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party is only required to point out "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). *See Moore v. Philip Morris Co.*, 8 F.3d 335 (6th Cir. 1993). If the moving party meets this burden, then "the nonmoving party must go beyond the pleadings… [and] designate specific facts showing that there is a genuine issue for trial." *Moore*, 8 F.3d at 339-40 (citing *Celotex*, 477 U.S. at 324). The evidence must be weighed in the light most favorable to the non-moving party determine whether a motion for summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the Plaintiff comes forward with evidence to rebut the motion for summary judgment from which "reasonable minds could differ as to the import of the evidence…a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).

**IV. Analysis**

Michigan substantive law applies in diversity cases. *Andersons, Inc. v. Consol. Inc.*, 348 F.3d 496, 501 (6th Cir. 2003). In Michigan, product liability claims are based on MCL § 600.2946, the Product Liability Act, and are fault based. *See Ryan v. Brunswick Corp.*, 454 Mich. 20, 27 n. 8 (1997). The statute requires that Plaintiff establish

> "that the product was not reasonably safe at the time the specific unit of the product left the control of the manufacturer or seller and that, according to generally accepted production practices at the time the specific unit of the product left the control of the manufacturer or seller, a practical and technically feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others."

MCL § 600.2945(2).

Defendant alleges that Plaintiff fails to meet the two requirements of a prima facie case of product liability set forth in the Product Liability Act. Defendant states that Plaintiff has "absolutely no evidence to support their speculation that the roll pin either broke or sheared, or that the jack stand was in any way defective." (Def.'s Mot. for Summ. J. 9). Defendant argues that Plaintiff has not performed any tests or examinations on the product, and has not retained any expert witness who might be competent to testify about the alleged defect or what possible alternative production practices are available, and that the time set for discovery has ended. (*Id*. at 10). Defendant further argues that because Plaintiff has no evidence to identify an actual defect, there can be no way for Plaintiff to prove that an alternative production practice would have been available and would have prevented the harm. (*Id*. at 9).

Defendant's argument rests on Plaintiff's lack of evidentiary support. However, Plaintiff has now identified an expert witness and submitted the expert's affidavit in Plaintiff's response to Defendant's motion for summary judgment.

The expert witness, Mr. Ziemba, addresses a possible defect in Defendant's product. (Ziemba Aff. 5, May 11, 2009). However, he does not address "a practical and technically feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product…" MCL § 600.2945(2). Although Plaintiff meets the first requirement of the Product Liability Act, he fails to provide evidence as to whether a feasible alternative production practice was available. Defendant has shown "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Plaintiff offers no evidence to support an argument that there was an alternative product practice available. Therefore, Plaintiff does not meet his burden of showing that there is a genuine issue of material fact. *Id*. at 324.

**V. Order**

Accordingly,

IT IS ORDERED that Defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion to strike Plaintiffs' supplemental witness list is GRANTED.


Dated: June 24, 2009              s/Bernard A. Friedman_____
       Detroit, Michigan          BERNARD A. FRIEDMAN
                                  UNITED STATES DISTRICT JUDGE